UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC EGGELSTON,

                            Plaintiff,                           Case No. 16-cv-13368

v.                                               Honorable Thomas L. Ludington

NEXTEER AUTOMOTIVE CORP,

                            Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

On September 16, 2016, Plaintiff Eric Eggelston initiated the above-captioned action by filing his complaint against his former employer, Defendant Nexteer Automotive Corporation, and his former local union, United Automobile Aerospace and Agricultural Implement Workers of America, Local 699 ("Local 699" or "the Union").[1]  In his complaint Plaintiff alleges that Defendant Nexteer wrongfully terminated him from his A-bucket position in retaliation for his exercise of his rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*, because of his race in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1), the Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. 37.2202, and in retaliation for opposing a violation of ELCRA in violation of MCL 37.201(a). Defendant Nexteer (hereinafter "Defendant") moved for summary judgment on December 21, 2017. On April 4, 2018, the Court entered an opinion and order denying Defendant's motion for summary judgment. ECF No. 39.

The Court found that there was a question of fact as to whether Defendant terminated and then failed to rehire Plaintiff because of his race and not because he stole food from a market.

---

[1] On November 3, 2016 Defendant Local 699 filed a motion to dismiss Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court entered an order on January 20, 2017, granting the motion and dismissing Defendant Local 699.

Specifically, the Court noted that Mr. Pruitt decided to rehire Mr. Leger (Plaintiff's Caucasian counterpart) because Mr. Pruitt determined that Mr. Leger did not commit theft. *Id.* at 19-23. However, Mr. Pruitt could not explain how this determination was made. *Id.* Furthermore, Mr. Pruitt's testimony that he concluded Mr. Leger did not commit theft was undermined by the fact that Mr. Leger was reinstated pursuant to a "last chance agreement," which was inconsistent with the notion that Mr. Leger was innocent of the theft accusation.

Defendant now moves for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 43. Defendant obtained additional evidence from Plaintiff in response to supplemental discovery requests served on April 18. Defendant sought supplemental responses to certain requests for production, including request number 5 which sought "all documents that support or refute [Plaintiff's] allegations that Nexteer retaliated against [Plaintiff] in any way." *Id.* Ex. C, ECF No. 43-4. In response to the supplemental request, Plaintiff produced a number of affidavits, including an affidavit from Greg Leger, which contained some additional information concerning the circumstances surrounding Mr. Leger's termination and reinstatement. Defendant contends that this affidavit, dated December 11, 2017, should have been produced earlier, and that Plaintiff wrongfully withheld it in an attempt to manufacture a fact issue for trial.

## I.

### A.

Defendant titles its motion as a motion for reconsideration, yet moves pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure. Rule 60(b)(2) provides that "on motion and just terms, the court may relieve a party or its legal representative from a *final judgment, order, or proceeding*" based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b)." Fed. R. Civ. P. 60(b)(2)

(emphasis added). Notably, rule 60(b) applies to *final* judgments and orders, and not to interlocutory judgments or orders. *State National Insurance Company v. County of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) (Rule 60(b) improperly invoked when judgment in question was interlocutory). Denial of summary judgment is generally not appealable and is not considered a final judgment or order. *Ortiz v. Jordan*, 562 U.S. 180 (2011); *Hearring v. Sliwowski*, 712 F.3d 275, 279 (6th Cir. 2013). There are limited exceptions to this general rule which are not applicable here, such as an appeal of an order denying summary judgment based on qualified immunity in an action brought pursuant to 42 U.S.C. § 1983. *Hearring v. Sliwowski*, 712 F.3d 275, 279 (6th Cir. 2013).

Here, the Court's order denying Defendant's motion for summary judgment is not a final order or judgment, and rule 60(b)(2) is therefore inapplicable. Indeed, no decision has been rendered in this case which would prohibit Defendant from supporting its defense at trial with this newly discovered evidence.

**B.**

Local Rule 7.1(h), on the other hand, governs motions for reconsideration. A party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court,

either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015). A party may seek reconsideration based on: 1) a clear error of law, 2) newly discovered evidence that was not previously available to the parties, or 3) an intervening change in the controlling law. *White v. Mortg. Elec. Registration Sys., Inc.*, 2006 WL 2130507, at *1 (E.D. Mich. July 28, 2006).

Although the instant motion was not filed until 30 days after the entry of the order in question, the motion is nonetheless timely as the new evidence was not discovered until Plaintiff produced it on April 30, 2018. Defendant filed the instant motion five days later. Nevertheless, the motion will be denied for two reasons.

First, although the affidavit of Mr. Leger is technically "newly discovered evidence," Defendant has not explained why this evidence was not previously available to it. Irrespective of whether Plaintiff was under a duty to produce this document when it came into Plaintiff's possession, there does not appear to be any reason why Defendant could not have obtained this information from Mr. Leger. To the extent Defendant believes Mr. Leger's explanation for his termination and reinstatement is material to its defense, it could have sought this information from Mr. Leger. Defendant has never apprised the Court of any unsuccessful attempt at obtaining this information from Mr. Leger.

Secondly, Mr. Leger's affidavit would not have changed the outcome of the Court's order denying Defendant's motion for summary judgment. Mr. Leger explains as follows in the affidavit:

1. I have personal knowledge of the facts set forth in this affidavit and if called upon to testify to these facts, I would do so truthfully
2. I was tasked with changing the deep fryer filters at the plant 3 facility in all the cafeterias. I did this job for eight to nine years.
3. I was told I could take a drink anytime I was performing this job.
4. I would, on occasion, take one of the offered drinks.

5. I was fired for theft and brought back on a last chance agreement approximately 20 months later.
6. I took the last chance agreement because I needed to provide for my family.
7. It was Mr. Pruitt and the bargaining chair, Robert Glasser, that made the last chance agreement with me.
8. Further, Affiant sayeth not.

Leger Aff. Mot. Ex. C. Defendant contends that this "substantiates" Mr. Pruitt's testimony that he concluded Mr. Leger did not steal because "he gets fountain pop whenever he is in [the cafeteria] working." Simply put, Mr. Leger's justification for his conduct does not clarify or substantiate Mr. Pruitt's testimony. That is, it does not explain how Mr. Pruitt made his determination that Mr. Leger did not steal and was therefore entitled to more preferential treatment than Plaintiff. The affidavit does not provide any information regarding whether Mr. Leger's justification (that he was authorized by an undisclosed person to drink soft drinks without payment) was ever shared with Mr. Pruitt.

A frequently quoted articulation of the honest belief rule provides that an employer may "reasonably and honestly rel[y] on a particularized set of facts in making an employment decision" even if it is "later shown to be mistaken, foolish, trivial, or baseless." *Chen v. Dow Chem. Co.*, 580 F.3d 394, 401 (6th Cir. 2009). The inverse, however, is not true. That is, if a decision maker relies merely on conjecture in making its decision, that decision is not entitled to deference simply because the decision maker's assumptions ultimately turn out to be correct. As explained in the Court's previous order, whether Plaintiff or Mr. Leger stole property is largely irrelevant, as are their explanations for their conduct. Their explanations are only relevant to the extent they were shared with Mr. Pruitt (the decision maker who rehired Mr. Leger). The relevant issue is what information Mr. Pruitt relied upon in making his determination that Mr. Leger did not commit theft, and whether that information justified treating Mr. Leger more

preferentially than Plaintiff. Neither Mr. Pruitt's testimony nor the newly discovered affidavit of Mr. Leger explains what information Mr. Pruitt relied upon in making this determination.

Mr. Pruitt's inability during his deposition to explain how he determined Mr. Leger did not steal was particularly notable given the substantial evidence that Mr. Leger did in fact steal. Indeed, Mr. Leger was initially terminated for stealing. Mr. Leger's affidavit does not explain what caused the misunderstanding that resulted in him being terminated for allegedly stealing pop when in fact he was entitled to complimentary pop while working. Nor does Mr. Leger's testimony explain why he had to be reinstated pursuant to a last chance agreement if Mr. Pruitt concluded he did nothing wrong. Mr. Leger simply explains that he took the last chance agreement because he "needed to provide for [his] family." The affidavit also indicates that he was reinstated 20 months after his termination, which raises the additional question of why it took 20 months for Mr. Pruitt to determine Mr. Leger had not committed any wrongdoing.

## II.

Accordingly, it is **ORDERED** that the motion for reconsideration, ECF No. 43, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 8, 2018

<div style="border:1px solid">

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 8, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager

</div>